Boyce's heirs *vs* Dudley, &c.          EJECTMENT.

ERROR TO THE FAYETTE CIRCUIT.          Case 127.

*Limitation.    Femes covert.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.          *July* 19.

THE sole question in this case, arises upon the second section of the limitation act of 1814, (*Stat. Law*, 1145.) *The question for decision.*

The limitation act of 1796, (*Stat. Law*, 1127,) had enacted that a right of entry upon land should be barred, unless entry were made within twenty years next after such right or title accrued, &c., provided that if the person entitled, &c., were an infant, *feme covert*, &c., or not within the Commonwealth at the time such right accrued or coming to them, every such person, and his or her heirs, may, notwithstanding the twenty years shall have expired, maintain his action, or make his entry within ten years next after such disability is removed, or death of the person so disabled, and not afterwards.

It was always held that the bar under this statute did not begin to run until the commencement of an adverse possession, and of course the saving efficacy of the proviso was never required until there had been twenty years of adverse possession without entry. *Limitation to an ejectment does not commence to run until there be an adverse possession.*

The act of 1814, reciting in its preamble, and with commendation, the exposition of the statute which made it a bar to an action of ejectment after an adverse possession of twenty years, repeals in its first section, the saving of ten years allowed by the proviso to persons out of this Commonwealth, and enacts in the second section, "that *femes covert*, upon whom lands shall have descended, or to whom lands shall have been devised by will during coverture, (and in no other case,) shall be allowed the space of three years only, after they become *discovert*, to commence their action, &c., for any such lands of this Commonwealth, instead of the ten years allowed by the third section of the aforesaid act;" and it goes on to reduce the ten years allow-

Boyce's heirs
vs
Dudley, &c.
ed to infants and others, (besides *femes covert*,) to three years, after the removal of their respective disabilities.

In this case there had been more than thirty years adverse possession by the defendants, before the action (ejectment) was commenced; and the title had accrued to the lessors by descent or devise, before the adverse possession was taken. But two of the lessors were then infants, and afterwards, before they arrived at full age, were married, and have been *femes covert* ever since. And the question is made, whether, although more than twenty three years had elapsed after the cause of action accrued, and although the title of these two lessors did not come to them during, but before their coverture, they are not exempted from the bar of the statute of limitations.

The statute of limitation of 1814, in its application to *femes covert* considered.

If they are not barred, it is only because they are within the saving of the original proviso, as modified by the act of 1814. If the act of 1814 had not passed, the question might have been, whether the successive disabilities of infancy and coverture in the same persons, the latter accruing before the former was removed, would, in view of the proviso, have formed one continued disability, by which the bar was suspended until ten years after its removal.

The statute of limitation of 1814, containing distinct provision in favor of *infants* and *femes covert*, there is no room for construing both as one disability, and admitting them to prevent a bar.

But under the act of 1814, there being a separate and distinct provision with respect to coverture and infancy, there seems to be no room for construing them, in any state of case, as constituting one disability which may suspend the bar until wholly removed. And we shall consider the case as depending on the question, whether, because the title to the land, and the cause of action, both or either accrued to the two lessors before coverture, they are bound by the adverse possession. As already said, they are bound by the express words of the act of 1796, unless they come within the saving of the proviso, as modified by the act of 1814. Then how is the proviso modified by this last act?

*Masterson's hrs. vs Marshall's heirs* cited, (5 *Dana*, 414.)

In the case of *Masterson's heirs* vs *Marshall's heirs*, (5 *Dana*, 414,) this Court expressed its judgment "that the second section of the act of 1814, operated as a repeal of the saving in the 3d section of the act of 1796,

in consequence of coverture, whenever the title shall have accrued to a *feme covert* by *contract or deed*, and not by *descent* or *will;*" and that the parenthetical words ("*and in no other case,*") were intended "to restrict the saving to the *enumerated cases* of title acquired by *femes coverts* by *descent* or by *devise during coverture*, and as excluding of course, cases in which the right of a married woman was acquired by *contract and conveyance, even during her coverture;* and all cases, also, in which the title, *in whatever mode acquired,* shall have accrued when the disability of coverture did not exist."

In the case of *Riggs, &c.* vs *Dooley,* (7 B. Monroe, 240,) the Court, referring to the case just cited, expressly decides, that the saving in favor of *femes covert* in the proviso of 1796, is repealed, and that under the act of 1814, it is immaterial whether the cause of action accrued before or during coverture, and unless the title accrued to the *feme* by devise or descent during coverture, she does not come within the saving of the act of 1814.

It is now contended that the first case does not decide the question judicially, and that the second, standing upon the authority of the first, should not be deemed conclusive, and the Court is asked to review these cases, and the question itself as it arises on the statute. But it seems to us that the first case referred to, must be considered as giving judicial construction to the second section of the act of 1814, because the conclusion established in the case, is not only deduced from that construction in the opinion, but cannot be maintained upon any other construction of which the language of the section admits. The section either repeals the proviso of 1796, in favor of married women, and replaces it by the provision which itself makes for the cases stated, leaving married women in all other cases without protection against the bar of twenty years, which was the construction adopted, and by which the case in judgment was excluded from the act of 1814, or it leaves the proviso in force, except in the cases expressly provided for, and reduces the saving in those cases only to three years. On which construction the case then before the Court, not being one of those provided for in

*Riggs, &c.* vs *Dooley,* (7 B. Monroe,*240*) decides that the saving in favor of *femes covert* in the proviso of the act of 1796, is repealed by the act of 1814; and under the latter act it is not material whether the cause of action accrued before or during coverture—and unless the title accrued by descent or devise, the *feme covert* is not within the protection of the act of 1814. The case of *Masterson* vs *Marshall,* (5 *Dana,*) gives a judicial construction to the 2d section of the act of 1814.

the act of 1814, would have stood upon the proviso of 1796. And as the title accrued to the *feme* by deed during coverture, and the cause of action by reason of adverse possession, accrued also during coverture, and after the accrual of her title, and the suit was brought during coverture, within thirty years after the cause of action accrued, and was revived on her death, in the name of her heirs, the right would have been saved under the proviso of 1796.

In the second case referred to, the first was considered as deciding that the act of 1814 repealed the proviso of 1796, so far as married women were embraced, and the precise question as to the effect of the fact that the cause of action accrued during the coverture, and as to the effect of the title having come to the *feme* before or after coverture, was directly presented and expressly decided, under the construction that the proviso of 1796 was repealed, and that there was no saving of the rights of married women, except such as is contained in the act of 1814, and that in view of that act, it was immaterial that the cause of action accrued during the coverture, if the title had not accrued to the *feme* by descent or devise during coverture. We consider the question, therefore, as concluded, so far as two successive decisions can conclude it.

But we are furthermore of opinion, that the obvious purpose of the act of 1814, was to give increased efficacy to an adverse possession, and of course to diminish or repeal the privileges or savings of the proviso of 1796; that it does not intend to reduce the saving in favor of *femes covert* receiving title by descent or devise during coverture, to three years, and leave the saving of ten years to those who may have acquired title by contract or deed; but that the intended discrimination is in favor of the latter, and against the former class, which can only be effected by considering the proviso as being repealed, and substituted by the act of 1814. And we are satisfied, that under the act of 1814, there is no saving to the *feme* in whatever manner her title may have accrued, unless it accrued by descent or devise during coverture.

If it were admissible to construe the second section of the act of 1814, as if instead of saying "*femes covert* upon whom *lands* shall have descended, &c., during coverture," it had said "*femes covert* upon whom cause of action for lands shall have descended, &c., during coverture," there would still be no saving for *femes* upon whom a cause of action had descended, &c., before coverture, and the present lessors would have been without protection against the bar of twenty years after the cause of action accrued to them.

Wherefore, the judgment is affirmed.

*Robertson* for plaintiffs; *Robinson & Johnson* for defendants.